# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| ANTHONY PORTER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-00139-AGF |
| CAPE GIRARDEAU COUNTY SHERIFF'S OFFICE, et al. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Anthony Porter's motion to appoint counsel. (Docket No. 16). For the reasons discussed below, plaintiff's motion will be denied at this time.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel…Rather a court may request an attorney to represent any person unable to afford counsel"). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelly*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Up to this point, plaintiff has demonstrated his ability to adequately present his claims to the Court. Additionally, neither the factual nor legal issues involved in plaintiff's claims appear to be unduly complex. Finally, discovery has not yet begun, meaning that it is not yet clear whether there will be conflicting testimony in this case. For these reasons, the Court will deny plaintiff's motion. However, the Court will entertain future motions for appointment of counsel as the case progresses.

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 16) is **DENIED at this time**.

Dated this 12th day of October, 2018.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE